**Bobby Alexander WILLIAMS,
Plaintiff–Appellant,**

v.

**Buddy JOHNSON; Randall Stovall,
Defendants–Appellees.**

No. 02–6049.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

*ORDER*

Bobby Alexander Williams appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Williams alleged that the defendants violated his rights while he was incarcerated in a Kentucky prison. He primarily alleged that a prison food service manager summoned defendant Johnson because she felt that Williams was being argumentative. Johnson allegedly grabbed Williams by the arm and made a racially offensive remark while attempting to shove him into a closed door. Williams alleged that Johnson has continued to harass him and that the warden of the prison has not stopped the alleged harassment. The district court dismissed the case on July 30, 2002, and it is from this judgment that Williams now appeals.

A *de novo* review of the record indicates that dismissal was appropriate because Williams did not raise a cognizable claim. See 28 U.S.C. §§ 1915(e)(2)(B) *and* 1915A; *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The courts may consider the extent of an inmate's injuries in evaluating such a claim, as well as the need for applying force, the relationship between that need and the amount of force used, the threat reasonably perceived by prison officials, and the efforts that were made to temper the severity of the response. *Id.* at 7.

An examination of these factors supports the dismissal of the case at hand. First, Williams did not allege a serious injury. Second, his allegations indicate

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

that the use of *de minimis* force was justified, as the food service manager felt that he was being argumentative. Third, the amount of force appears to have been reasonably related to that need. Finally, there is no indication that the defendants were unreasonable in perceiving that Williams's behavior was a threat to prison security or that they failed to make reasonable efforts to temper the severity of the forceful response.

Williams also alleged that Johnson subjected him to racial harassment. This claim fails because the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of a viable constitutional claim. *See Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.1987); *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1221–22 (S.D.Cal.1997) (collecting cases). Williams's conclusory allegations of continuing harassment are likewise unavailing. *See Emmons v. McLaughlin*, 874 F.2d 351, 355 (6th Cir. 1989).

Williams continues to argue that the warden failed to stop the alleged harassment. However, there is no indication that the warden was directly involved, and he cannot be held liable under a theory of *respondeat superior*. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

Finally, Williams argues that the district court should have allowed him to conduct discovery and amend his complaint. This argument is unavailing because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal. *See McGore*, 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court

should sua sponte dismiss the complaint." *Id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.